# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**DANIEL ISAIAH THODY**

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:13-MJ-138

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with 5 counts of income tax evasion in an indictment out of the Western District of Texas and was arrested in this district. He exercised his constitutional right to represent himself after inquiry by the court, but accepted standby counsel (the Federal Public Defender). He elected to have his detention hearing in the district of arrest rather than the charging district. Defendant was born Nathaniel Baker but his father, who is serving a lengthy prison sentence for armed robbery, changed his name when he was a teenager. Defendant declined to be interviewed by the Pretrial Service office, and the court does not know the nature of his employment or if he is employed. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the defendant's presence for future court proceedings. Although defendant disavowed some of the more sinister aspects of the sovereign citizen movement, he has nevertheless aligned himself with much of the tax protester rhetoric and the extent to which he would go further down that path is not clear. Significantly, he has manufactured a duo straw man identity, which in his mind, appears to (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 29, 2013

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

The court does not know his financial status, other than that testimony at the hearing indicated defendant has received 1.6 million dollars since 2006, on which no taxes were paid, which was placed into his daughter's account as defendant's nominee. He was charged in Texas with Evading Arrest/Detention with Vehicle in 2002 but pled down to Reckless Driving. He has purchased a home in this district and has a son in school. He has a Texas drivers license, but no Michigan drivers license. He is divorced. Defendant had a loaded weapon in the home. Defendant has been polite and courteous to the court, and well regarded in his church. For a variety of reasons apparently, he has expressed a desire not to return to Texas. The Pretrial Services office has recommended defendant be detained.

Defendant has frequently used tax protester language, referring to DANIEL ISAIAH THODY, the name on the indictment, as a straw man name. He acknowledges that the straw man has a social security number, but as a Sovereign Citizen, he does not. He spells his name "Daniel Isaiah Thody". Defendant also contested his identification on this basis, stating he was not the "entity" DANIEL ISAIAH THODY named in the indictment. An identity hearing was held in conjunction with the detention hearing, at which photographs, drivers licenses and testimony clearly established that defendant was the person named in the indictment and sought by the Texas authorities. When he was advised of his rights, he stated he did not understand such terms as "federal," "arrest," and "warrant" because they were not defined. He has apparently attempted to make certain UCC-type arguments. Defendant has questioned the jurisdiction of the court. According to testimony, his father continues to be active with a group known as the Silent Brotherhood which has as one of its purposes the overthrow of the government. Defendant remains associated with his father. It is not clear to what extent defendant is aligned with this organization, but he denies any affiliation. Defendant denies he seeks to overthrow the government but has frequently used sovereign citizen rhetoric, and there was testimony that some sovereign citizen rhetoric espouses overthrowing the government. The defendant has referred to the government as the "enemy" and states that he is "fleecing the enemy."

Defendant has also made statements about moving "off the grid," using such means as having his mail directed to a mail depository which would scan his mail so that he could read it online, using an indirect phone system, and nominee bank accounts. He has apparently made statements that he is doing this to prevent the IRS from being able to track him.

**Part II - Written Statement of Reasons for Detention** - (continued)

free him from normal obligations that only bind the straw man. Notwithstanding defendant's willingness to cooperate with this judge personally, the court has to be assured that the defendant recognizes the authority of the federal court system generally, and that he will appear when directed to do so by the court system, not when his "straw man" may choose to appear. Moreover, according to the testimony, he has received between 1.4 and 1.6 million dollars since 2006, upon which no federal tax has been paid, and may very well have the financial resources to go "off the grid" as he has indicated he desires to do. These facts, taken together, satisfy the court that the government has met its burden.